**LAQUER URBAN CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
Email:  Lovelace@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882 / Facsimile:  (626) 449-1958

Counsel for Plaintiffs, Trustees of the Southern California
IBEW-NECA Pension Plan

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> HIGH-LIGHT ELECTRIC, INC., a California corporation, <br><br> Defendant. | CASE NO.: 5:19-cv-1428 <br><br> **COMPLAINT FOR:** <br><br> 1.  **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENT** <br><br> 2.  **VIOLATION OF §515 of ERISA** |

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.   Such jurisdiction exists without respect to the amount in

1371754

controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA [29 U.S.C. §1132(f)].

2.    This Court also has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.    Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)], and Section 301(a) of the LMRA [29 U.S.C. §185(a)], in that this is the district in which the Plaintiff Trust Funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4.    To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5.    Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, are the Trustees of an express trust ("Trust") created pursuant to a written Declaration of Trust ("Trust Agreement") between the International Brotherhood of Electrical Workers ("IBEW") Local Union 440 ("Local 440"), Local Union 477, and other Southern California local unions of the IBEW, and various chapters, including the Southern Sierras Chapter, of the National Electrical Contractors Association ("NECA"), an employer association in the electrical industry in Southern California. The Trust is now, and was at all times material to this action, a Labor-Management multiemployer trust created and maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs, as Trustees of the express Trust, are "*fiduciar[ies]*" with respect to the Trust as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)]. The Trust is administered by the Trustees of the Trust in Los Angeles County. Collectively, all Plaintiffs are referred to herein as the "Trustees."

1371754

6.     The Trustees are informed and believe, and thereon allege, that at all times material herein, Defendant, High-Light Electric, Inc., a California corporation ("Employer"), was and is a California corporation with its principal place of business in Riverside, California.

## BARGAINING AGREEMENTS AND STATUS OF PARTIES

7.     The Trustees are informed and believe, and thereon allege, that on or about or about September 20, 2007, Employer signed a Letter of Assent, pursuant to which Employer agreed to be bound to the terms of a collective bargaining agreement between the Southern Sierras Chapter of NECA and Local 440 of the IBEW, now known as the Inside Wiremen's Agreement ("Local 440 IWA").

8.     The Trustees are further informed and believe, and thereon allege, that on or about October 12, 2012, Employer signed an Agreement to Be Bound, pursuant to which Employer agreed to be bound to the terms of the Abengoa Mojave Solar Project Labor Agreement ("PLA") with regard to work to be performed on the Abengoa Mojave Solar Project ("Solar Project"), and specifically agreed to be bound to the trust agreements designated in the local master collective bargaining agreements.

9.     The Trustees are informed and believe, and thereon allege, that on or about March 20, 2013, Employer entered into a Memorandum of Understanding ("MOU") with Local 477 of the IBEW, stating that for all work performed by Employer under the PLA, Employer shall comply with and be bound to the Local 477 Inside Wiremen's Agreement ("Local 477 IWA").

10.     The Trustees are informed and believe, and thereon allege, that the PLA requires employers working on the Solar Project covered by the PLA to pay fringe benefit contributions to the established employee benefit funds related to the signatory local unions, and to make all authorized deductions in the amounts designated in the appropriate incorporated collective bargaining agreements.

11.     The Trustees are informed and believe, and thereon allege, that the PLA incorporates by reference the signatory unions' collective bargaining agreements.  Local

**COMPLAINT**

1371754

477 is a signatory union to the PLA.  Therefore, the terms and provisions of Local 477's applicable collective bargaining agreements are incorporated into the PLA.

12.  The Trustees are informed and believe, and thereon allege, that the applicable collective bargaining agreement for the work performed by Employer on the Solar Project under the PLA is the Local 477 IWA.

13.  Collectively, the Local 440 IWA and the Local 477 IWA are referred to herein as the "Master Agreements."

14.  The Trustees are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreement is incorporated by reference into the Master Agreements, and/or the PLA, and/or that Employer is otherwise bound to the terms and provisions of the Trust Agreement.

15.  The Trustees are informed and believe, and thereon allege, that Employer performed services covered by the PLA and the Master Agreements.

16.  The Trustees are informed and believe, and thereon allege, that Employer is an "*employer*" as that term is defined in the Master Agreements and/or related Trust Agreement.  The Trustees are informed and believe, and thereon allege, that Employer is an "*employer*" as defined and used in Section 3(5) of ERISA [29 U.S.C. §1002(5)], and, therefore, Employer is "*obligated to make* contributions *to a multiemployer plan*" within the meaning of Section 515 of ERISA [29 U.S.C. §1145].  The Trustees are informed and believe, and thereon allege, that Employer is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce,*" as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1)] and 142(3)], and within the meaning and use of Section 301(a) of the LMRA [29 U.S.C. §185(a)].

# FIRST CLAIM FOR RELIEF
## (BREACH OF WRITTEN COLLECTIVE BARGAINING
## AGREEMENTS AND RELATED TRUST AGREEMENTS)

17.  The Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 16 above.

1371754

18.     The Trustees are informed and believe, and thereon allege, that by the terms and provisions of the PLA, the Master Agreements and/or related Trust Agreement, and at all times material herein, Employer agreed, and is and was obligated, to:

18.1    Prepare and submit true, complete and accurate written monthly contribution reports to the Trustees on a timely basis showing: i) the identities of employees performing work covered by the Master Agreements and/or the related Trust Agreement, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees.

18.2    Pay to the Trustees fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees.  These amounts are considered delinquent if not received by the Trustees by a date certain of the month succeeding the month in which the work was performed.  These amounts are due and payable at the Trustees' administrative offices in Commerce, California.

18.3    Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to the Trustees pursuant to the Master Agreements and/or related Trust Agreement.

19.     On April 21, 2015, the Trustees (through their Administrative Corporation) initiated an audit of Employer's books and records to determine if the appropriate fringe benefit contributions had been paid to the Trustees pursuant to the Master Agreements for work performed during March 2013 through March 30, 2016 (the "Audit").  The Audit was performed on behalf of the Trustees of the Southern California IBEW-NECA Pension Plan only, and includes amounts due to the Trustees of the Southern California IBEW-NECA Pension Plan only, and not any amounts that may be due to other trust

**COMPLAINT**

1371754

funds or entities.  This lawsuit does not include any claims for any amounts that may be due to any trust fund or entity other than the Trustees of the Southern California IBEW-NECA Pension Plan.

20.   The Employer produced records for the Audit in a piecemeal basis beginning on June 4, 2015, and continuing through May 2018.   The Trustees consistently urged the Employer to produce the necessary documents in a timely fashion, but the Employer refused and failed to do so.   Some of the most critical documents needed to perform the Audit were not submitted by the Employer to the Trustees until April 2018 and May 2018.  As of this date, the Employer has still failed to produce certain documents requested pursuant to the Audit.

21.   On or about May 7, 2019, the Trustees' audit was completed, and resulted in a claim totaling $151,721.46 owed by the Employer to the Trustees, including fringe benefit contributions as well as associated liquidated damages, accrued interest, and audit fees.  The hours of covered work included in the Audit Claim were not included in Employer's monthly contribution reports under the Master Agreements for the months of March 2013 through March 2016, and the Trustees did not know, and did not have reason to know, of Employer's underpayment until sometime in 2018.

22.   The Trustees are informed and believe, and thereon allege, that from March 2013 through March 30, 2016, Employer breached the PLA, Master Agreements, and/or the related Trust Agreement in that it failed to pay to the Trustees fringe benefit contributions and/or other amounts due as discovered through the Audit, and has also failed to submit all documents requested in connection with the Audit.  Pursuant to the Audit, Employer currently owes the Trustees at least $99,955.40 for unpaid fringe benefit contributions.  The exact amount of the fringe benefit contributions due and owing will be established by proof at trial herein.

///

///

///

**COMPLAINT**

1371754

23.    The Trustees are informed and believe, and thereon allege, that Employer continues to breach the relevant agreements on an ongoing basis by failing to pay to the Trustees the fringe benefit contributions owed.  The amount of the additional unpaid contributions owed will be established by proof at the trial herein.

24.    As of the date of filing this Complaint, Employer is "*delinquent,*" as that term is used in the Master Agreements and/or related Trust Agreements.

25.    Pursuant to the Master Agreements and related Trust Agreement and/or §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Employer is obligated to pay to the Trustees liquidated damages for the detriment caused by its failure to pay fringe benefit contributions and other amounts owed to the Trustees in a timely manner.  The Trustees are informed and believe, and thereon allege, that there is due and payable from Employer to the Trustees liquidated damages related to work performed in an amount that will be established by proof at the trial herein.

26.    Pursuant to the Master Agreements, related Trust Agreement and/or §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Employer owes the Trustees interest on all unpaid fringe benefit contributions and related amounts from the dates the sums were originally due to the Trustees to the date of judgment and post-judgment.  The amount of interest will be established by proof at trial.

27.    By the Master Agreements, related Trust Agreement and/or Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Employer is obligated to pay all legal and auditing costs in connection with any delinquency, whether incurred before or after litigation is or was commenced.

28.    It has been necessary for the Trustees to engage legal counsel and incur audit costs for the purpose of collecting said contributions and other amounts, and the Trustees are entitled to their reasonable attorneys' fees and audit costs in connection therewith.  The exact amount of the legal fees and audit costs due and payable has not been ascertained at this time.  These amounts shall be established by proof at trial.

///

**COMPLAINT**

1371754

29.     Pursuant to §502(g)(2)of ERISA, 29 U.S.C. §1132(g)(2), the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of the Trustees' judgment, the Trustees request the Court to:

29.1   Order Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the PLA, Master Agreements, and Trust Agreement, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Trustees;

29.2   Order Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trustees, in an amount determined by the Court to be appropriate;

29.3   Order the creation of a constructive trust for the full amount determined to be due the Trustees on all applicable property of Employer, and order the transfer of the applicable property to the Trustees; and

29.4   Order Employer, its representatives, agents and associates, to pay to the Trustees all amounts due the Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

30.     The Trustees are also seeking injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

30.1   Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Trustees on an ongoing basis;

30.2   Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Trustees on an ongoing basis);

///

1371754

30.3   Enjoining Employer from employing employees covered under the PLA, Master Agreements, and related Trust Agreements without properly reporting and remitting to the Trustees the amounts owed to the Trustees pursuant to those agreements; and

30.4   Ordering Employer to permit the Trustees' auditor access to the wage and payroll books and records of Employer in order to permit the Trustees to verify the precise amounts owed by Employer to the Trustees.

**SECOND CLAIM FOR RELIEF**

**<u>(VIOLATION OF §515 of ERISA)</u>**

31.   The Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 30, inclusive of sub-paragraphs, above.

32.   §515 of ERISA, 29 U.S.C. §1145, provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

33.   Employer is an *"employer"* as defined and used in §3(5) of ERISA, 29 U.S.C. §1002(5), and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of §515 of ERISA, 29 U.S.C. §1145.

34.   The Trustees are informed and believe, and thereon allege, that Employer violated its statutory mandated obligation to timely pay fringe benefit contributions and other amounts to the Trustees.  The Trustees are informed and believe, and thereon allege, that there is due and payable from Employer the fringe benefit contributions and other amounts set forth in paragraphs 21-28 above.

35.   Employer failed to timely cure its violation, and has since continued to violate its statutory obligations.

36.   Pursuant to §502(g)(2)of ERISA, 29 U.S.C. §1132(g)(2), in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the

Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate.  The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute and owed by Employer to the Trustees has not been ascertained at this time.  These amounts shall be established by proof at the time of trial.

38.     As part of the Trustees' judgment, the Trustees shall also request the relief set forth in paragraphs 29-30, inclusive of sub-paragraphs, above.

## **PRAYER**

WHEREFORE, the Trustees pray for judgment as follows:

1.     For unpaid fringe benefit contributions, liquidated damages and other amounts due in amounts as proved;

2.     For damages for breach of contract in amounts proved at time of trial;

3.     For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4.     For reasonable attorneys' fees;

5.     For audit expenses;

6.     For costs of suit incurred herein;

7.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

///

///

///

///

**COMPLAINT**

1371754

7.1    Order Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the PLA, Master Agreements, and Trust Agreement, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Trustees;

7.2    Order Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trustees, in an amount determined by the Court to be appropriate;

7.3    Order the creation of a constructive trust for the full amount determined to be due the Trustees on all applicable property of Employer, and order the transfer of the applicable property to the Trustees; and

7.4    Order Employer, its representatives, agents and associates, to pay to the Trustees all amounts due the Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

8.    For injunctive relief, including but not limited to a temporary restraining order, preliminary injunction and/or permanent injunction:

8.1    Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Trustees on an ongoing basis;

8.2    Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Trustees on an ongoing basis);

8.3    Enjoining Employer from employing employees covered under the PLA, Master Agreements, and related Trust Agreements without properly reporting and remitting to the Trustees the amounts owed to the Trustees pursuant to those agreements; and

**COMPLAINT**

8.4     Ordering Employer to permit Trustees' auditor access to the wage and payroll books and records of Employer in order to permit the Trustees to verify the precise amounts owed by Employer to the Trustees.  Said documents would include, but not be limited to, the following unredacted documents: payroll records, certified payroll records, time cards, payroll registers, cancelled checks and check stub registers, payroll ledger, general ledger, forms 1099's and 1096's, forms W-2 and W-3 wage and tax statements, accounts receivable listings, cash disbursement journals, job cost records, vendor invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, payroll records for related companies, employer contributions reports and cancelled checks regarding contributions owed/paid to other Trust Funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary in order to determine the sums owed by Employer to Trustees.

Dated: August 1, 2019          LAQUER, URBAN, CLIFFORD & HODGE LLP


By:   /s/ - *Susan Graham Lovelace*
        Susan Graham Lovelace, Counsel for Plaintiffs,
        Trustees of the Southern California IBEW-NECA
        Pension Plan



## **WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

Dated: August 1, 2019          LAQUER, URBAN, CLIFFORD & HODGE LLP


By:   /s/ - *Susan Graham Lovelace*
        Susan Graham Lovelace, Counsel for Plaintiffs,
        Trustees of the Southern California IBEW-NECA
        Pension Plan

1371754